NEW HAVEN PATENT ROLLING SPRING BED COMPANY
*vs.* WILLIS B. FARREN AND OTHERS.

In order to justify an injunction restraining a party from using a trademark, name, or other device descriptive of his goods, it should appear that he is in fact so using it as to represent, or induce the belief, that the goods which he manufactures or sells are the goods of the plaintiff, and that there is danger that the plaintiff will in that manner be defrauded.

The plaintiffs and Farren Brothers were severally engaged in the manufacture of spring beds at New Haven under the same patent, the beds manufactured being substantially the same and each claiming to produce the original article. Both had at their offices and agencies various signs, among which the plaintiffs had that of "New Haven Roll-up Spring Bed" and Farren Brothers that of "Farren Brothers' New Haven Rolling Spring Bed." A trader who kept for sale the Farren Brothers' beds at Hartford, but who was not their agent or in their employ, attached to one of their beds in front of his store a placard with the words "The only original New Haven Roll-up Spring Bed" upon it. Held not to be a case for an injunction.

[Argued October 4th—decided November 9th, 1883.]

SUIT for an injunction; brought to the Court of Common Pleas in Hartford County, and heard before *Bennett, J.* Facts found and judgment rendered for the defendants.

The plaintiffs appealed. The case is sufficiently stated in the opinion.

*T. M. Maltbie* and *W. H. Ely*, for the plaintiffs.

*C. E. Gross*, for the defendants.

CARPENTER, J. This is a complaint praying for an injunction restraining the defendants from using certain words and phrases in describing the articles manufactured or sold by them.

Both the plaintiff and Farren Brothers are engaged in the business of manufacturing spring beds, in New Haven, under the same letters patent, and the goods produced by both are substantially identical. Each party claims to produce the original genuine article. The plaintiff has displayed at its office and agencies various signs, namely:—" The Genuine New Haven Rolling Spring Bed "; " The Genuine New Haven Roll-up Spring Bed "; " The New Haven Rolling Spring Bed "; and " The' New Haven Roll-up Spring Bed." Farren Brothers have displayed at their office in New Haven signs reading thus:—" Farren Bros.' Spring Bed," and " Farren Bros.' Guarantee Spring Bed "; and at their agencies throughout the state signs reading, " Farren Bros.' Rolling Spring Beds "; " Farren Bros.' New Haven Rolling Spring Beds "; and " Rolling Spring Beds, Farren Bros." But Farren Brothers never used the combination of names, " New Haven Rolling Spring Bed," or " New Haven Roll-up Spring Bed," nor the words " New Haven " as applied to the beds manufactured by them, until about two years before the trial.

The defendant Bill, who was engaged in the coal business in Hartford, bought beds of Farren Brothers and sold them, but he was never their agent, nor does it appear that he was in their employ. At one time however he had the exclusive right to sell their goods in Hartford. In June, 1882, he displayed a placard attached to a Farren Brothers' bed in

front of his store, upon which placard were the words,—
" The only original New Haven Roll-up Spring Bed."

This is in substance the finding upon which the Court of
Common Pleas rendered judgment for the defendants, from
which judgment the plaintiff appealed.

In order to justify an injunction restraining a party from
using a trade-mark, the name of a corporation, partnership
·or individual, or other device descriptive of his goods, it
should appear that he is in fact so using it as to represent, or
induce the belief, that the goods which he manufactures or
sells are the goods of the plaintiff; and that purchasers do
so believe; or at least that there is danger that the plaintiff
will in that manner be defrauded.

In this case the plaintiff failed to establish any one of
these essential requisites.  No such representations appear
to have been made by the defendants or any of them, no
one has been deceived, and the plaintiff is in no danger of
being defrauded.  Consequently there is no error in the
judgment of the court below.

In this opinion the other judges concurred.